# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROBERT EDWARD HAMMETT | ) | |
| SSN: XXX-XX-2842 | ) | |
| | ) | |
| | ) | CASE NO. 17-15507-KHT |
| SUZANNE ANDREA HAMMETT | ) | |
| SSN: XXX-XX-2514 | ) | CHAPTER 7 |
| | ) | |
| Debtor(s). | ) | |

## MOTION TO APPROVE SETTLEMENT AGREEMENT

COMES NOW, Jeffrey Weinman, Chapter 7 Trustee in the above referenced case ("Trustee"), hereby MOVES this Honorable Court for an order APPROVING the Settlement herein pursuant to Fed. R. Bankr. P. 9019, upon the following grounds:

1. On June 13, 2017, Robert Edward Hammett and Suzanne Andrea Hammett (the "Debtors") commenced this case by filing a petition for relief under Title 11, Chapter 7 of the United States Code ("the Filing Date"). A 341 Meeting of Creditors was held on July 11, 2017.

2. Jeffrey Weinman is the duly appointed trustee of the Debtors' Chapter 7 bankruptcy estate.

3. In the Debtors' amended schedules, they listed an asset described as "Motor Vehicle Accident 5/15/15 (owed to Debtor)" with a corresponding exemption of $500,0000 on the Amended Schedule C. ("PI Claim").

4. Later, the State Court awarded Mrs. Hammett $20,431.00 of damages in addition to costs and interest totaling approximately $37,072.83 ("Damages"). It is undisputed that $15,306.13 of the Damages was incurred for the treatment of Mrs. Hammett's injuries ("Non-Exempt Damages").

5. On October 12, 2018, Debtors filed a motion which requested this court compel the Trustee to abandon the PI Claim. The Trustee responded arguing that the Non-Exempt Damages were still property of the estate and not subject to abandonment.

6. To resolve the Motion to Abandon, the Trustee and Debtors have reached a Settlement Agreement ("Settlement"). The Settlement is attached. However, by its material terms Debtors will instruct their state court counsel to turnover $6,000.00 to the

Trustee upon receipt from Allstate Fire and Casualty Insurance Company. Upon receipt, the Trustee will withdraw his response to the Motion to Abandon. It is the intent of the parties that if this court does not approve the agreement then it is void and they will continue their dispute. It is the intent of the parties that if Allstate Fire and Casualty Insurance Company does not pay Debtors' attorney (or if they cannot be compelled to pay) then this agreement is void and the parties will continue their dispute. It is only upon the receipt and successful negotiation of the $6,000.00 that the dispute will be resolved. The complete agreement is more fully set forth as attached hereto (**See Attached Exhibit A; Settlement Agreement**).

7. Trustee does not warrant or guarantee a successful outcome of the Settlement.

8. This Settlement is subject to Bankruptcy Court approval in the above-captioned proceeding upon such notice as may be required. All payments shall be made payable to Jeffrey Weinman, Chapter 7 Trustee and mailed to 730 17th Street, Suite 240, Denver, CO 80202.

9. Although Trustee believes he has a strong case, there are always inherent risks of litigation. He asserts that it is in the best interest of the estate and Debtors to avoid litigation regarding the Motion to Abandon and Response concerning Debtors PI Claim. Trustee believes that the proposed settlement is in the best interests of the bankruptcy estate because it avoids the potentially substantial costs and uncertainties identified in the previous paragraphs, while also expediting administration of this case.

## PRAYER FOR RELIEF

WHEREFORE, Trustee prays that this Court approve the Settlement Agreement and further relief as this Court deems as just and proper.

Dated: January 29, 2019

Respectfully submitted,

_____
Robertson B. Cohen
1720 S. Bellaire St; Ste 205
Denver, CO 80222
Telephone: (303) 933-4529
Facsimile: (866) 230-8268
Email: rcohen@cohenlawyers.com
*Attorney for Trustee*