## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:                                    )
                                          )
ROBERT EDWARD HAMMETT                     )
SSN: XXX-XX-2842                          )
                                          )
                                          )    CASE NO. 17-15507-KHT
SUZANNE ANDREA HAMMETT                    )
SSN: XXX-XX-2514                          )    CHAPTER 7
                                          )
Debtor(s).                                )

## SETTLEMENT AGREEMENT

Jeffrey Weinman, Chapter 7 Trustee (the "Trustee"), Robert Edward Hammett and Suzanne Andrea Hammett ("Debtor" or "Debtors") (collectively "Parties"), stipulate and agree as follows:

### Recitals

a. Debtor Suzanne Andrea Hammett and Robert Edward Hammett filed for relief under Chapter 7 of the Bankruptcy Code on or about June 13, 2017 (the "Petition Date"). Trustee is the duly appointed Chapter 7 Trustee for the Debtors' Bankruptcy Estate ("Estate').

b. On October 4, 2017, Debtors amended their Schedules A/B & C to list a previously undisclosed asset described as "Motor Vehicle Accident 5/15/15 (owed to debtor)" with an estimated value of $500,000 at Docket No. 77 ("Personal Injury Claim).

c. On or about July 24, 2018, Debtor Suzanne Andrea Hammett was awarded a verdict by jury in her favor and against Blake Bajcar, who was insured by Allstate Fire and Casualty Insurance Company, in the amount of $20,431.83 plus pre-judgement interest in the amount of 9% per-annum for the Personal Injury Claim. In addition, Debtor Suzanne Andrea Hammett is entitled to taxable costs and post-judgment interest (collectively the judgment, plus costs and pre and post judgment interest is referred to as "Damages").

d. On September 25, 2018, Trustee initiated Adversary Proceeding 17-15507-KHT against Allstate Fire and Casualty Insurance Company to demand turnover of what he identified as the non-exempt portion of the proceeds in the amount of $15,306.13 ("Non-Exempt Damages").

e. On October 12, 2018, Debtors filed a Motion to Compel the Trustee to abandon both the Damages and Non-exempt damages. Trustee filed a response. Both Debtors and Trustee assert that they have valid claims for their respective positions, however, to avoid costly and timely litigation, without admission, they have decided to enter into an agreement to settle as stated herein.

## Terms

NOW THEREFORE, in consideration of the foregoing and the agreements, promises and covenants set forth below, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. In order to resolve their dispute without the additional costs and uncertainty of litigation, the Parties have entered into this written Settlement Agreement.
Within ten (10) days of the date this Settlement Agreement is last executed by the Parties, the Trustee will file this Motion to Approve Settlement Agreement. The terms herein are not binding until an Order has entered approving this Settlement Agreement. If the Bankruptcy Court does not approve the settlement in its entirety then this settlement is null and void.

2. Once this Settlement Agreement is approved by the Bankruptcy Court, the Parties agree that the Debtors' personal injury counsel, Bachus and Shanker, shall have the ability to request and receive payment of the Damages from Allstate Fire and Casualty Insurance Company be made directly to Bachus and Shanker. Allstate hereby agrees to pay to Sue Hammett the amount of $37,072.83, plus post-judgment interest of $6.57 per day until paid. Upon receipt of payment of Damages from Allstate Fire and Casualty Insurance Company, Bachus and Shanker shall distribute $6,000.00 to the Trustee, payable to ("Payment"):

Jeffrey Weinman, Trustee
730 17th Street, Suite 240
Denver, CO 80202

3. Within 15 days of the receipt and successful negotiation of the Payment, Trustee will file a satisfaction of judgment in Adversary Proceeding 17-15507-KHT and withdraw his response to the Debtors Motion to Abandon. Upon the withdrawal of the Debtors Motion to Abandon, by this agreement any and all proceeds from Debtor Suzanne Hammett's personal injury claim against Blake Bajcar are hereby abandoned as property of the Bankruptcy Estate. Suzanne Hammett and Allstate will not have any further obligations to the Bankruptcy Estate nor to the Chapter 7 Trustee, Jeffrey Weinman. Allstate Fire and Casualty Insurance Company may pay the proceeds of Debtor's personal injury claim free of any constraints from this bankruptcy case. Bachus and Schanker may disburse its attorney fee and costs to itself from the proceeds of Debtor's personal injury claim free of any constraints from this bankruptcy.

4. This Settlement Agreement may not be altered, amended, or modified in any respect, except in writing duly executed by the parties.

5. This Settlement Agreement shall inure to the benefit of, and be binding upon, the respective agents, predecessors, successors, and assigns of the parties, the creditors and the estate.

6. This Settlement Agreement shall be governed by and construed in accordance with the laws and rules applicable in the United States Bankruptcy Court for the District of Colorado. Where state or substantive laws other than the Bankruptcy Code control, this Settlement

Page **2** of **4**

Agreement shall be governed by the substantive laws of the State of Colorado, without regard to its choice of law rules.

7. Any controversies regarding this Settlement Agreement shall be resolved in the United States Bankruptcy Court for the District of Colorado. Any action relating to, based upon, or arising from a breach of this Settlement Agreement shall be brought only in the United States Bankruptcy Court or the United States District Court for the District of Colorado, which shall retain jurisdiction over the subject matter and parties for this purpose.

8. The undersigned represent and warrant they have full power and authority to enter into this Settlement Agreement and to bind the parties for which they have executed this Settlement Agreement.

9. The parties hereby affirm and acknowledge they have read and reviewed the Settlement Agreement, and they fully understand and appreciate the meaning of each of its terms, and it is a voluntary, full and final compromise of the claims and actions referred to above.

10. This Settlement Agreement may be executed in counterparts with the same force and effect as though all signatures appeared on one original document. Facsimile signatures are binding and enforceable as if they were originals.

11. The terms of this Settlement Agreement are conditioned upon, in part, entry of an Order by the Bankruptcy Court approving this agreement. Counsel for the Trustee shall promptly file an application with the Bankruptcy Court for approval of this Settlement Agreement and serve notice required under Federal Rule of Bankruptcy Procedure 9019.

12. In the event litigation arises to enforce any of the provisions of this Settlement Agreement, the prevailing party shall recover reasonable attorneys' fees and costs from the non-prevailing party or parties. Each party is to pay his/hers own fees, costs, and expenses in connection with this Settlement Agreement and all transactions contemplated hereby, save and except in the enforcement of event of any provision of this Agreement, where in such case the prevailing party shall be entitled to reasonable attorney fees and costs.

13. If any clause or provision of this Settlement is invalid or unenforceable under present or future laws effective during the term of this Settlement, then and in that event, it is the intention of the parties hereto the remainder of this Settlement shall not be affected thereby.

IN WITNESS THEREOF, Trustee Debtors have caused this Settlement Agreement to be executed as of the date first written below.

Jeffrey Weinman, Ch. 7 Trustee

_____        _____
Ch. 7 Bankr. Trustee in                Date
Case No. 17-15507-KHT

Robert Hammett

_____        _____
By: Robert Hammett                     1-22-19
                                       Date

Suzanne Hammett

_____        _____
By: Suzanne Hammett                    1-22-2019
                                       Date

Allstate Fire and Casualty Insurance Company

_____        _____
By:                                    Date

Its:

Page 4 of 4

Jeffrey Weinman, Ch. 7 Trustee

_____    _____
Ch. 7 Bankr. Trustee in            Date
Case No. 17-15507-KHT

Robert Hammett

_____    _____
By: Robert Hammett                 Date

Suzanne Hammett

_____    _____
By: Suzanne Hammett                Date

Allstate Fire and Casualty Insurance Company

_____    _____
By: [signature]                    1/23/19
                                   Date

Its: Senior Trial Attorney, Staff Counsel

Page 4 of 4

Jeffrey Weinman, Ch. 7 Trustee

_____       1/25/19
Ch. 7 Bankr. Trustee in                Date
Case No. 17-15507-KHT

Robert Hammett

_____       1-22-19
By: Robert Hammett                    Date

Suzanne Hammett

_____       1-22-2019
By: Suzanne Hammett                   Date

Allstate Fire and Casualty Insurance Company

_____       _____
By:                                   Date

Its: